NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-3088
_____

OLANREWAJU ODEDEYI,

Appellant

v.

AMTRUST FINANCIAL SERVICES INC;
SECURITY NATIONAL INSURANCE CO

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-23-cv-02452)
District Judge:  Honorable Gerald J. Pappert

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 10, 2024

Before:  KRAUSE, MATEY, and CHUNG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 1, 2024)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Olanrewaju Odedeyi appeals the District Court's orders granting summary judgment for Appellees, denying his motion for summary judgment, and denying his motion for reconsideration. For the reasons that follow, we will vacate the District Court's judgment and remand the matter for further proceedings.

The procedural history of this case and the details of Odedeyi's claims are well known to the parties, set forth in the District Court's memorandum, and need not be discussed at length. Briefly, Odedeyi hired a contractor, who was insured by Appellee Security National, to perform work on his property. After the property was damaged during the renovations, Odedeyi submitted a claim to Appellee as well as notice of a lawsuit he filed against the contractor in state court. Appellee disclaimed coverage and declined to defend the lawsuit. Odedeyi was awarded a default judgment against the contractor.

Odedeyi then filed a complaint against Appellee and AmTrust Financial in the Court of Common Pleas of Philadelphia, arguing that the damage was covered by the contractor's insurance policy and they were liable for the judgment. See 40 Pa. Stat. Ann. § 117 (allowing direct action against insurer if certain conditions are met). Appellee removed the matter to the United States District Court for the Eastern District of Philadelphia. It also filed a counterclaim seeking a declaratory judgment that there was no coverage under the insurance policy for the claims in the underlying state court litigation against the contractor.

Both Odedeyi and Appellee Security National moved for summary judgment.[1] The District Court granted Appellee's motion for summary judgment and denied Odedeyi's motion for summary judgment. It noted that the insurance policy covered bodily injury or property damage caused by an "occurrence," which was defined as "an accident, including continuous repeated exposure to substantially the same general harmful conditions." The District Court understood Odedeyi to be alleging damages caused by faulty workmanship and determined that this did not constitute an occurrence under the policy. It concluded that Appellee had no duty to defend the contractor under the policy. Odedeyi filed a notice of appeal and then a motion for reconsideration. After the District Court denied the motion for reconsideration, Odedeyi filed an amended notice of appeal.

The District Court had jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332, and we have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's order granting summary judgment de novo. See Ramara, Inc. v. Westfield Ins. Co., 814 F.3d 660, 665 (3d Cir. 2016). A party moving for summary judgment must show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To determine whether the movant has satisfied this burden, "we view the facts and draw all reasonable inferences in the light most favorable to the nonmovant." Pearson v. Prison Health Serv., 850 F.3d 526, 533 (3d Cir. 2017).

---

[1] The parties voluntarily stipulated to the dismissal of AmTrust Financial Services.

3

Generally, under Pennsylvania law, a court interprets an insurance contract and determines whether coverage for the claims exists. See Nationwide Mut. Ins. Co. v. CPB Int'l, Inc., 562 F.3d 591, 595 (3d Cir. 2009).[2] In determining whether the underlying state court complaint filed by Odedeyi triggered a duty to defend on the part of Appellee, we take as true the facts alleged in the complaint and construe them liberally in Odedeyi's favor. See Ramara, 814 F.3d at 665. "If the allegations of the underlying complaint potentially could support recovery under the policy, there will be coverage at least to the extent that the insurer has a duty to defend its insured in the case." Id. at 673. Under Pennsylvania law, an insurer's duty to defend is determined solely by the complaint, and the court may not consider extrinsic evidence. Id. If coverage depends on undetermined facts outside the complaint, the insurer must defend until it is determined that the claim falls outside the coverage. Id. at 678. Any doubts or ambiguity must be resolved in favor of coverage. See Erie Ins. Exch. v. Moore, 228 A.3d 258, 265 (Pa. 2020).

With these principles in mind, we turn to Odedeyi's underlying complaint against the contractor. The District Court determined that Appellee had no duty to defend the contractor because it believed that Odedeyi alleged damages caused by defective renovations and repairs which did not constitute occurrences under the policy. Indeed, several paragraphs of the complaint describe the faulty workmanship of the contractor

---

[2] The District Court applied Pennsylvania law, and neither party challenges that choice on appeal. See G-I Holdings, Inc. v. Reliance Ins. Co., 586 F.3d 247, 253 (3d Cir. 2009), as amended (Dec. 4, 2009).

and the resulting damage to the property. On appeal, Odedeyi focuses on two paragraphs that describe other damage. In paragraph 11, Odedeyi alleged that the contractor had removed the entire chimney of the property without any reason. And in paragraph 14, he asserted that the contractor damaged concrete pads on the rear and side of the property. Odedeyi contends that the property damages mentioned in paragraphs 11 and 14 cannot be attributed to faulty workmanship because the contractor was not hired to work on the chimney or concrete pads.

It is not clear why the chimney was removed, e.g., whether it was knocked down accidentally, had to be removed after being accidentally damaged, was intentionally removed for construction purposes, etc. And Odedeyi alleged that the concrete pads, which were not included in the scope of the contracted work, were damaged. There is nothing in the complaint suggesting that the damage to the concrete pads and the chimney was the result of faulty workmanship on other areas of the property. Thus, there are undetermined facts outside the complaint regarding whether the damage was due to an accident that would trigger coverage by the insurance policy. See Ramara, 814 F.3d at 678.

As noted above, a duty to defend arises if the allegations potentially support recovery under the policy, and an insurer must defend until it is determined that a claim falls outside of coverage. See id. at 673, 678; Frog, Switch & Mfg. Co. v. Travelers Ins. Co., 193 F.3d 742, 746 (3d Cir. 1999) (noting that "if a single claim in a multiclaim lawsuit is potentially covered, the insurer must defend all claims until there is no possibility that the underlying plaintiff could recover on a covered claim"); see also Erie

5

Ins. Exch., 228 A.3d at 265 (explaining that doubts must be resolved in favor of coverage). Here, based on the facts of the underlying complaint, Odedeyi's allegations of damage to the chimney and concrete pads could potentially constitute occurrences. Thus, we conclude that Appellee was not entitled to summary judgment on the ground that the underlying allegations could not constitute an occurrence.[3]

For the above reasons, we will vacate the District Court's judgment and remand the matter for further proceedings.[4] Odedeyi's request for oral argument is denied, and his motion to amend his reply brief is granted.

---

[3] The District Court declined to address Appellee's additional grounds for summary judgment, and determined only that Odedeyi's allegations did not constitute an occurrence under the policy. On appeal, Appellee did not argue any alternative grounds for affirmance.

[4] Because we vacate the District Court's judgment based on the error in the District Court's November 20, 2023 order, we need not reach Odedeyi's appeal of the order denying his motion for reconsideration.